IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 16-CR-3308 JB |
| | ) | |
| GASPAR LEAL, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO CONTINUE TRIAL SETTING**

Defendant Gasper Leal, by and through his counsel of record, Jason Bowles of Bowles Law Firm, hereby moves this Honorable Court for a continuance of the trial setting, currently scheduled for June 11, 2018, and in support of his motion states:

1. Gasper Leal is charged with Conspiracy to Possess with Intent to Distribute 50 Grams or More of a Mixture and Substance Containing Methamphetamine.

2. Trial in this matter is currently scheduled for June 11, 2018.

3. A protective order is in place which prevents defendant from possessing copies of the discovery in this case [Doc. 28], which has caused delay in reviewing discovery with the defendant in this case.

4. Defendant remains in custody.

5. Defendant filed a Notice of Appeal [Doc. 133], appealing this Court's Memorandum Opinion and Order [Doc. 132] to the Tenth Circuit Court of Appeals. Filing of this interlocutory appeal tolls the speedy trial.

6. The right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendant will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

7. Defendant agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Defendant and will potentially allow him to reach a favorable resolution with the government. Counsel has discussed with Mr. Leal his rights under the Speedy Trial Act and Defendant understands the need for a continuance.

8. Counsel believes that the filing of the notice of appeal stays proceedings in the district court, and throughout the time that the appeal is pending. In an abundance of caution, however, counsel seeks a continuance while the appeal is pending, and believes that the speedy trial clock is tolled pending the appeal.

9. Assistant United States Attorney Samuel Hurtado does not oppose on this motion to continue.

WHEREFORE, Defendant, by and through undersigned counsel, respectfully request that this Court continue the jury trial until the Tenth Circuit Court of Appeals makes a decision on the appeal.

Respectfully submitted,

/s/ Jason Bowles
Jason Bowles
Bowles Law Firm
P.O. Box 25186
Albuquerque, N.M.  87125-5186
(505) 217-2680

I hereby certify that a true and correct copy
of the foregoing was electronically submitted
this 8th day of June, 2018 to:

Mr. Samuel Hurtado
Assistant United States Attorney

/s/ Jason Bowles
Jason Bowles
Bowles Law Firm