IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 16-CR-3308 JB |
| ) | |
| GASPAR LEAL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT GASPER LEAL'S PROPOSED VOIR DIRE**

Defendant Gasper Leal, by and through his counsel of record, Jason Bowles of Bowles Law Firm, requests to conduct the following voir dire and make appropriate follow-up inquiries with the members of the venire panel.

Defendant also requests the Court to advise the panel that if an answer would be embarrassing or involve a private matter, the individual can indicate at some time after the question is asked, by raising a hand or other indication to the Court, that the person has a private matter to be dealt with.

Defendant proposes to engage in voir dire on the following topics:

1. Knowledge of this case;

2. Questions regarding use of a confidential informant;

3. Burden of Proof;

4. Conclusion.

1.	Knowledge of this case a. During the trial, the defendant may call witnesses to testify on his behalf. Is anyone familiar with any of the following individuals who may testify in this case:

2.	questions regarding use of a confidential informant. "We expect this Court May go into this topic and/or the government and to the extent this topic is not fully explored we would ask:

  a.	Does any juror have any strong feelings one way or another about the government's use of confidential informants or paid witnesses, who engage in criminal activity and then testify against other people?

  b. Does anyone believe strongly that the government should not be allowed to use confidential witnesses to engage in criminal activity?

  c.	Does anyone feel that the use of confidential informants who are paid by the government is wrong or unethical.

3.	Burden of Proof

  a.	How many of you believe that the government would not have indicted Mr. Leal and brought him to trial if he was not guilty?

  b.	Do you believe it is possible that an innocent person could be accused and brought to trial for a crime he did not commit? How do you think that can happen?

  c.	What does the saying "innocent until proven guilty" mean to you? Why are people presumed innocent in our country?

  d.	If it were up to you, should the government be required to prove the person is guilty or should a person have to prove he is innocent?

    e. If the government brings charges against a person, should they be required to prove all, most, or some of the charges? Why?

    f. Are you willing to require that the government prove beyond a reasonable doubt that Mr. Leal is actually guilty of the offenses charged in this case? Why? If the Government does not meet that burden, are you willing to acquit Mr. Leal? Why?

    g. If, after you have heard the evidence in this case, you weren't convinced beyond a reasonable doubt, but you thought Mr. Leal *might* be guilty, would you be able to return a verdict of not guilty in this case? Why or why not?

    h. What if you were the only person on the jury who was convinced Mr. Leal was either guilty or innocent; would you change your vote? Why? What would make you change your vote?

    i. Do any of you feel that if a person is arrested by law enforcement, it means that the person definitely did something wrong?

    j. What interest might a law enforcement official have in the outcome of a case that they are helping to prosecute? Why might a police officer say something that isn't true?

  4. Conclusion

    a. As we have discussed these various issues, is there anything that has come up that any of you would like to add or to bring to our attention?

    b. Do you have such strong feelings concerning the crime charged in this case that you could not be impartial in sitting as a juror in such a case?

    c. Is there any reason – personal, financial, physical or philosophical – that would prevent any one of you from sitting on the jury for this case, hearing all the evidence, and deciding the case fairly and on the basis of the evidence presented?

    d. Based on our discussion, are there any of you who feel that this might not be the best jury for you to sit on?

Case 1:16-cr-03308-JB   Document 155   Filed 07/16/19   Page 4 of 6

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the undersigned counsel requests the opportunity to personally conduct a voir dire examination of the prospective jurors so that Mr. Leal may exercise his right to be tried fairly by an impartial jury in accordance with the Fifth and Sixth Amendments to the United States Constitution. Counsel requests personal voir dire in order to make reasonable inquiry of the jurors' perceptions regarding certain facts related to the government's prosecution and defendant's theory of the case. Denial of adequate time for attorney-conducted voir dire of the jury panel substantially affects the ability of counsel for both parties to exercise intelligent and informed judgment in selecting the jury which will decide the fates of the defendants in this case.

Mr. Mr. Leal further respectfully requests the opportunity to submit follow-up questions stemming from the panelists' answers to the foregoing questions, or other questions posed to the panel.

        Respectfully submitted,

        /s/ Jason Bowles
        Jason Bowles
        Bowles Law Firm
        4811 Hardware Drive, N.E., Bldg D, Suite 5
        Albuquerque, N.M.  87109
        Telephone: (505) 217-2680

I hereby certify that a true and correct copy
of the foregoing was electronically submitted
this 16th day of July, 2019 to:

Samuel Hurtado
Assistant United States Attorney


/s/ Jason Bowles
Jason Bowles
Bowles Law Firm