IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 16-3308 JB |
| | ) | |
| **GASPAR LEAL**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO EXCLUDE IMPEACHMENT OF CONFIDENTIAL INFORMANT WITH PRIOR CONVICTIONS

The United States files this written objection, in advance of trial, to improper impeachment of the confidential informant (CI) in this case.

### I. DISCUSSION

A. The Evidence at Issue

The CI, who will testify in this case, has the following criminal convictions:

- Aggravated Battery on a Police Officer (Felony) (1997);
- Possession of a Controlled Substance (Felony) (2000);
- Robbery (Felony) (2002);
- DUI (Misdemeanor) (2012).[1]

B. The Rule Governing Impeachment of a Witness with a Prior Criminal Conviction

Federal Rule of Evidence 609 provides:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

   (1)  for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment **for more than one year**, the evidence:

---

[1] The CI has several arrests, including one for murder in 1997, but these arrests did not result in convictions.

> > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> > (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) **for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement**.
>
> (b) **Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:**
>
> > (1) **its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect**; and
>
> > (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.
>
> \*\*\*\*

Fed. R. Evid. 609 [emphasis added].

All of the CI's criminal convictions fall outside the ten-year time limit, except for the 2012 DUI. That remaining conviction was a misdemeanor. None was a crime involving "a dishonest act or false statement." Fed. R. Evid. 609.

## II. CONCLUSION

For the foregoing reasons, the United States requests that the Court limit impeachment of the CI based on his criminal record as there are no qualifying offenses for impeachment purposes.

Respectfully submitted,

FRED J. FEDERICI
Attorney for the United States
Acting Under Authority Conferred
by 28 U.S.C. § 515

<u>Electronically filed</u>
NORMAN CAIRNS
SAMUEL A. HURTADO
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on the 19th day
Of July, 2019, I filed the foregoing
pleading electronically through the
CM/ECF system, which caused counsel
of record for Defendant to be served
by electronic means.

***<u>Filed Electronically</u>***
NORMAN CAIRNS
Assistant U.S. Attorney