IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GASPAR LEAL,

              Petitioner/Defendant,

vs.                                     No. CIV 22-761 JB/JFR

                                       No. CR 16-3308 JB/JFR

UNITED STATES OF AMERICA,

              Respondent/Plaintiff.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Proposed Findings and Recommended Disposition Regarding Petitioner Gaspar Leal's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed June 5, 2023 (Doc. 13)("PFRD"); and (ii) Petitioner's Objection to the Magistrate's Recommended Disposition Regarding His Motion Pursuant § 2255, filed September 5, 2023 (Doc. 16)("Objections"). The Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, filed the PFRD on June 5, 2023. The PFRD notified the parties of their ability to file objections within fourteen days, and that failure to do so waived appellate review. PFRD at 21. After moving and being granted an extension of time to file objections, see Notice of Motion for Extension of Time in Which to File Objections to the Proposed Findings and Recommendation Disposition Regarding Petitioner's § 2255 Motion, filed July 14, 2023 (Doc. 14); Text-Only Order, filed July 18, 2023 (Doc. 15), Leal filed objections to the Magistrate Judge's PFRD on September 5, 2023. See Objections at 1. Pursuant to Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of the record and all parts of the Magistrate Judge's PFRD that have been properly objected to. Based on the Court's de novo determination of the issues Leal raises in his Objections and after reviewing

de novo the relevant law, the Court will: (i) overrule Leal's Objections; (ii) adopt the PFRD; (iii) deny with prejudice Leal's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 12, 2022 (Doc. 1)("Motion"); (iv) deny a certificate of appealability; and (v) enter a separate Final Judgment disposing of this civil case.

## LAW REGARDING OBJECTIONS TO PROPOSED
## FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute."  United

States v. One Parcel of Real Prop., with Bldgs, Appurtenances, Improvements, & Contents, Known as: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996) ("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. § 636 et seq.], including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act."  One Parcel, 73 F.3d at 1060.  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly

held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[1]

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge']s order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).  In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because such actions would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing."

---

[1]Pevehouse v. Scibana is an unpublished Tenth Circuit opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue and will assist the Court in its disposition of this Order.

United States v. Raddatz, 447 U.S. 667, 674 (1980)("Raddatz").  The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations.  See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate [judge]'s proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis omitted)).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations.  In Workheiser v. City of Clovis, where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [PFRD]," the Court nevertheless conducted such a review.  No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012)(Browning, J.).   The Court generally does not review, however, the Magistrate Judge's PFRD de novo, and determine independently

necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously[2]] contrary to law, or an abuse of discretion." <u>Workheiser v. City of Clovis</u>, 2012 WL 6846401, at *3.

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers

---

[2]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. <u>Solomon v. Holder</u>, No. CIV 12-1039, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); <u>O'Neill v. Jaramillo</u>, No. CIV 11-0858, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing <u>Workheiser v. City of Clovis</u>, 2012 WL 6846401, at *3); <u>Galloway v. JP Morgan Chase & Co.</u>, No. CIV 12-0625, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court does not believe that "contrary to law" accurately reflects the deferential standard of review which the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, <u>obviously</u> contrary to law, or an abuse of discretion.

appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

Leal raises two objections. Magistrate Judge Robbenhaar has reviewed the objections and finds they have no merit. In his first objection, Leal broadly states, without more, that he objects to the PFRD because Magistrate Judge Robbenhaar recharacterized his constitutional claims and then addressed only part of the claim or an entirely different claim than Leal raised. See Objections at 1. This objection is nonspecific, too general, and fails to meaningfully address the PFRD's ultimate holding or its underlying findings and conclusions. As such, it is waived. See One Parcel, 73 F.3d at 1060 ("[O]nly an objection that is sufficiently specific to focus on the district court's attention on the factual and legal issues that a truly in dispute will advance the policies behind the Magistrate's Act."). The Court, nevertheless, has reviewed Magistrate Judge Robbenhaar's findings and recommendations regarding Leal's first objection, and determines that his findings and recommendations are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. See Workheiser v. City of Clovis, 2012 WL 6846401, at *3; see Balderama v. Bulman, No. CIV 21-1037, 2023 WL 2728148, at *14 (D.N.M. Mar. 31, 2023)(Browning, J.)(reviewing the Magistrate Judge's findings and recommendations despite the pro se plaintiff's failure to make specific objections).

In his second objection, Leal argues that the government engaged in outrageous conduct by using a confidential informant to target him and that he was improperly accused of conspiring in the sale of methamphetamines when he was only a marijuana dealer. See Objections at 1-3. In his original Section 2255 motion, Leal previously argued that his counsel was ineffective for failing to raise the issue of outrageous conduct as an affirmative defense. See Motion at 6. This

argument is without merit because the Tenth Circuit addressed the issue of outrageous conduct in the underlying proceedings and found that the government's conduct was not obviously outrageous.  See United States v. Leal, 32 F.4th 888, 895-97 (10th Cir. 2022).  Leal also argues that his counsel was ineffective, because his counsel failed to object to "unconstitutional charges" in the indictment.  See Objections at 2-3.  Leal argues that the conspiracy charges against him are unconstitutional, because there was insufficient evidence to convict him of conspiracy to distribute more than fifty grams of methamphetamine, as opposed to marijuana.  See Objections at 3.  This argument is likewise without merit because the Tenth Circuit weighed in on Leal's knowledge of the drug deal, and found that the evidence and reasonable inferences showed Leal's knowledge that the sale would involve at least fifty grams of methamphetamine.  See United States v. Leal, 32 F.4th at 891-95.

In sum, Leal's Objections amount to rearguing issues already addressed in the underlying proceedings and addressed in the PFRD in the context of his ineffective assistance of counsel claim.  The Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion.  Accordingly, the Court adopts Magistrate Judge Robbenhaar's PFRD, and denies the Motion with prejudice.

**IT IS ORDERED** that: (i) Petitioner's Objection to the Magistrate's Recommended Disposition Regarding His Motion Pursuant § 2255, filed September 5, 2023 (Doc. 16), is overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition Regarding Petitioner Gaspar Leal's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed June 5, 2023 (Doc. 13), is adopted; (iii) Leal's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October

12, 2022 (Doc. 1), is denied with prejudice; (iv) a certificate of appealability is denied; and (v) the

Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Gaspar Leal
Adelanto, California

     *Plaintiff*

Alexander M. M. Uballez
  United States Attorney
Samuel A. Hurtado
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Defendant*